# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL GUERRERO, | : | |
|    Plaintiff | : | |
| | : | No. 1:22-cv-01631 |
|    v. | : | |
| | : | (Judge Rambo) |
| UNITED STATES OF AMERICA, | : | |
|    Defendant | : | |

## MEMORANDUM

Pro se Plaintiff Miguel Guerrero ("Plaintiff"), who is a federal prisoner in the custody of the United States Bureau of Prisons, is currently incarcerated at Danbury Federal Corrections Institution ("FCI Danbury") in Danbury, Connecticut. (Doc. No. 1.) He has commenced the above-captioned action by filing a complaint against the United States of America ("Defendant") pursuant to the Federal Tort Claims Act ("FTCA"). (Id.) In accordance with the Prison Litigation Reform Act,[1] the Court has conducted an initial review of Plaintiff's complaint. For the reasons set forth below, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

I.      BACKGROUND

On October 18, 2022, while Plaintiff was incarcerated at FCI Danbury, he filed his complaint pursuant to the FTCA against Defendant.  (Doc. No. 1.)  On October 19, 2022, the Court issued a Thirty (30) Day Administrative Order directing Plaintiff to either pay the requisite filing fee or complete and sign a motion for leave to proceed in forma pauperis.  (Doc. No. 3.)  In accordance with that Administrative Order, Plaintiff filed, on November 14, 2022, a motion for leave to proceed in forma pauperis and his prisoner trust fund account statement.  (Doc. Nos. 4, 5.)  The Court, having reviewed Plaintiff's motion and trust fund account statement, will grant him leave to proceed in forma pauperis and will deem his complaint filed.

In the complaint, Plaintiff claims that Defendant "negligently fail[ed] to diagnose and treat his COVID-19 symptoms and take the required steps to [ensure] that he was medically fit for a work assignment."  (Doc. No. 1 ¶ 1.)  Plaintiff further claims that, as a result of Defendant's negligence, he suffered "serious injuries[.]" (Id.)  In support of these claims, Plaintiff asserts the following allegations.

Plaintiff alleges that, in or around November of 2020, while at the "BOP GEO privately contracted prison Moshannon Valley[,]" he contracted COVID-19 and, as a result, he experienced the following symptoms: difficulty breathing; inability to taste or smell; migraine headaches; and constant fatigue.  (Id. at ¶ 2.)  Plaintiff alleges

that, despite him informing medical personnel of his symptoms, his complaints went unanswered, and he was not given the opportunity to take a COVID-19 test. (Id.)

Plaintiff alleges that, on or about March 31, 2021, he was transferred to Low Security Correctional Institution Allenwood in Allenwood, Pennsylvania ("LSCI Allenwood"). (Id. at ¶ 3.) Plaintiff alleges that, while he was housed at LSCI Allenwood, he experienced symptoms consistent with a condition known as "long COVID." (Id.) Plaintiff alleges that, along with the symptoms mentioned above, he also experienced dizziness and blackouts. (Id.) Plaintiff alleges, however, that despite his condition, he was assigned to work as a housing unit orderly in the Brady B unit of LSCI Allenwood on or about April 1, 2021. (Id. at ¶ 4.) Plaintiff alleges that he was given this work assignment even though he was not seen by any medical personal at LSCI Allenwood. (Id. (alleging that this was "necessary in order to issue a medical clearance").)

Plaintiff alleges that his symptoms did not desist while he was housed at LSCI Allenwood, but rather, they continued throughout the months of April and May of 2021. (Id. at ¶ 5.) Plaintiff also alleges that, throughout this period of time, he remained assigned to the Brady B unit as a housing unit orderly. (Id. (reiterating that, despite this work assignment, he was not seen by medical personnel for a medical clearance).)

Plaintiff alleges that, on May 23, 2021, at approximately 4:00 p.m., he became dizzy, which was consistent with his condition at the time. (Id. at ¶ 6.) He alleges that he lost consciousness and fell onto the bathroom toilet where he was cleaning. (Id.) Plaintiff alleges that, because of this fall and the injuries he sustained, he was rushed to the emergency room. (Id.) More specifically, Plaintiff alleges that he suffered from a sprained wrist, hand, finger, and left knee, as a well as a head injury. (Id. at ¶ 7 (alleging that his hand required a cast, his knee had to be bandaged, and his head and neck "swelled up with extreme pain").)

Plaintiff alleges that, to this very day, he still experiences pain in his hand, making the use of his hand very difficult. (Id.) Plaintiff also alleges that he still experiences pain in his knee, making it difficult for him to walk and stand for extended periods of time. (Id.) Apart from this physical pain, Plaintiff alleges that he has also experienced emotional distress. (Id.) As for relief, Plaintiff seeks monetary damages. (Id. at ¶ 8.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint. See

id. In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III. DISCUSSION

### A. The FTCA

"[T]he FTCA waives the sovereign immunity of the United States in its district courts for tort claims 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances [in which] the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" Lomando v. United States, 667 F.3d 363, 372 (3d Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)) (alterations in original).  It "'does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court.'"  See id. (quoting In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 362 (3d Cir. 2001)); CNA v. United States, 535 F.3d 132, 141 (3d Cir. 2008) (explaining that "'[t]he cause of action in an FTCA claim . . . must come from state tort law" (citation omitted)).

Particularly relevant here, however, is the interplay between the FTCA and the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126.  The IACA was enacted in 1934, twelve (12) years prior to the 1946 Federal Tort Claims Act, see United States v. Demko, 385 U.S. 149, 152 (1966), and it authorizes, in pertinent part, the Federal Prison Industries, Inc., a federal corporation, to use its funds to pay

"compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." See 18 U.S.C. § 4126(c)(4); Hampton v. Jones, No. 21-2880, 2022 WL 4820355, at *2 (3d Cir. Oct. 3, 2022) (unpublished) (explaining that, "[i]n the IACA, Congress created a scheme to compensate inmates for injuries sustained in the course of their federal penal employment"). Thus, federal prisoners who are seeking compensation for injuries they sustained during the course of their federal penal employment are limited to the remedy provided for in the IACA. See Demko, 385 U.S. at 152 (holding that federal prisoners are precluded from asserting FTCA claims for such work-related injuries since they have "already been protected by 18 U.S.C. § 4126"); Hampton, 2022 WL 4820355, at *2 (affirming district court's dismissal of plaintiff-prisoner's FTCA claims because they arose in the context of his workplace employment at the United States penitentiary in Lewisburg, Pennsylvania and, thus, were "precluded by the IACA").

In accordance with these legal tenets, the Court finds that Plaintiff's complaint fails to state an FTCA claim upon which relief may be granted against Defendant. Plaintiff's FTCA claim, as described above, is based upon injuries he allegedly sustained on May 23, 2021, while working as a housing unit orderly in the Brady B unit of LSCI Allenwood. Accordingly, because Plaintiff's alleged injuries occurred

during his federal work assignment, his claim is not cognizable under the FTCA and will, therefore, be dismissed.

## B. Leave to Amend

The only remaining issue is, therefore, whether Plaintiff should be granted leave to amend his amended complaint. Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court finds that granting Plaintiff leave to amend his FTCA claim against Defendant would be futile since the IACA provides the exclusive remedy for the injuries complained of in his complaint. See Demko, 385 U.S. 151-54 (holding that federal prisoners who are seeking compensation for injuries sustained during their federal penal employment are limited to the remedy provided for in the IACA); Hampton, 2022 WL 4820355, at *2 (affirming district court's dismissal of plaintiff-prisoner's FTCA claims because they arose in the context of his workplace employment at the United States penitentiary in Lewisburg, Pennsylvania and, thus, were "precluded by the IACA"). As such, the Court will dismiss Plaintiff's FTCA claim without leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff in forma pauperis status (Doc. No. 4) and will dismiss his complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order follows.